Coggill *agt.* Leavitt.

CoGGILL, plaintiff in error, *agt.* LEAVITT, President of the American Exchange Bank, defendant in error.

*Questions discussed.*

1. Whether the *acceptor* of a draft, after having paid it to an innocent holder, can recover back the amount, on ascertaining that *the name of the payee,* who had no interest in it, was a *forgery ?*

2. Whether, though the payee had no interest in the draft, yet being a real person, his endorsement was essential to pass the bill?

This was an action of assumpsit, tried at the Oneida Circuit, on the 19th day of April, 1844, before his honor PHILO GRIDLEY, Circuit Judge.

On the trial of the cause it was proved and admitted that David Leavitt is president and John I. Fisk cashier of the American Exchange Bank, an association under the act to regulate the business of banking, situate and transacting business in the city of New-York, and that said association, at the date of the cause of action, was duly organized under said act.

The counsel for the plaintiff proved and read in evidence a bill of exchange in the words following, viz. :

$1,500.                              *Earlville, July 28th,* 1843.

Ten days after sight please pay to the order of Truman Billings fifteen hundred dollars for value received, and charge the same to the account of            Your ob't servants,

SHAPLEY & BILLINGS.

To HENRY COGGILL, New-York, No. 90 Pearl-street.

Purporting to be endorsed, " Pay T. O. Grannis, cashier, or order, Truman Billings, Truman Billings, Jr., pay to John J. Fisk, cashier, or order.        T. O. GRANNIS, Cashier."

The plaintiff then proved by Truman Billings that he never endorsed the draft himself, nor authorized any one else to endorse it in his behalf; and that the endorsement of the name of Truman Billings, Jr., was not in the handwriting of his son, Truman Billings, Jr. Had no knowledge of the existence of this bill of exchange until after his son, Charles S. Billings, of the firm of Shapley & Billings, had absconded, and never had

Coggill *agt.* Leavitt.

any interest in it. The drawer's signature was in the handwriting of Charles S. Billings.

Plaintiff also proved that, neither at the time of the acceptance nor at any time since did the plaintiff have any funds of Shapley & Billings, and was not indebted to them; that it was an accommodation acceptance, and paid by plaintiff at maturity at the American Exchange Bank.

Plaintiff then proved by David A. Shapley that he was the late partner of Charles S. Billings, and that he never saw the draft before it was accepted and paid. It was drawn and signed in the handwriting of Charles S. Billings. The proceeds of the draft never came to the benefit of the firm of Shapley & Billings. Plaintiff did not owe the firm any thing at the time this draft was drawn. The plaintiff introduced in evidence letters showing his demand upon the American Exchange Bank for repayment of the draft, and the answer of the Bank of Central New-York.

The defendant proved, by Timothy O. Grannis, cashier of the Bank of Central New-York, that on the 29th of July, 1843, this draft was presented by Charles S. Billings, in behalf of the firm of Shapley & Billings, for discount, and was discounted by the bank, and the money paid to Charles S. Billings. Had no knowledge or suspicion that the endorsements were forgeries. The bank had before discounted similar drafts, one or two with similar endorsements of these names, which had been accepted and paid by the plaintiff. That this draft was transmitted by the witness to the American Exchange Bank for collection, soon after it was discounted. He was advised of its payment on the 12th of August, 1843, by due course of mail. That Billings left the country about the time of the maturity of this draft. Charles S. Billings informed him that he, Billings, was purchasing wool for the plaintiff, and wanted the money to pay for it.

His honor, the circuit judge, charged the jury that the plaintiff was not entitled to recover, and that the defendant was entitled to their verdict. The plaintiff excepted. The jury found a verdict for the defendant.

The supreme court, in October term, 1845, affirmed the judg-

Coggill *agt.* Leavitt.

ment on the argument. No written opinion was delivered. The plaintiff, on error, removed the judgment to this court.

*A. W. Bradford, Attorney and*

*John Van Buren* and *B. Davis Noxon, Counsel,* for plaintiff in error.

*Van Buren.*—Only question is, whether plaintiff could have been compelled to pay *after acceptance.* We say not. Then paid under a mistake of fact, and can recover the money back. (1 *T. R.* 654; 1 *Camp.* 130.) Can not recover on the ground that it is payable to a fictitious person. *Story on Bills,* §§ 263, 264, was such a man, though he had no interest in the bill.

The plaintiff being the acceptor of a bill of exchange for $1,500, drawn on him by one of the firm of Shapley and Billings, in the name of the firm, payable to the order of Truman Billings, and discounted by the Bank of Central New-York, having paid the same to the defendant, was entitled to recover back the amount; and the charge of the circuit judge to the contrary was erroneous:

*First.* Because the endorsement of the name of the payee was forged, the defendant had no title to the bill, and the payment was made without any consideration and under a mistake of fact. (*Canal Bank* v. *Bank of Albany,* 1 *Hill,* 289; *Talbot* v. *Bank of Rochester, id.* 295; 6 *Barn. & Cres.* 671; 9 *id.* 902; 9 *D. & R.* 731; 3 *B. & C.* 428; 5 *D. & R.* 403; 4 *Man. & Ry.* 676; *Ch. on Bills,* 430, 198, 265; 4 *T. R.* 28; 1 *H. Bl.* 607; 1 *Car. & Payne,* 197; *Ld. Ray.* 738; *Burr,* 452, 1516; *Douglass,* 633.)

*Second.* The written contract with Shapley & Billings and with the bank was to pay to the order of Truman Billings, and there is no rule preventing an accommodation acceptor, or other surety, from insisting on the letter of his contract.

*Third.* If it be said that the plaintiff intended to give credit to the drawers, the same may be said also of the bank, and in this respect the bank has no superior equity over the acceptor.

*Fourth.* Had the plaintiff refused to pay the bill, the defend-

ant could not have compelled him, being unable to make title through a forgery. The plaintiff is entitled to be reinstated in his former position, unless he is the party most in fault.

*Fifth.* But the acceptance of the bill was no admission of the genuineness of the endorsements; the bank discounted it before it was accepted, and solely on the credit of the drawers and endorsers. The bank was in no way misled by the plaintiff, and the plaintiff is therefore an innocent party. (7 *Taun.* 455; *T. R.* 654; *Camp.* 101; 1 *Hill*, 289, *and cases cited.*)

*Sixth.* The bank, however, was in fault. Being the party next to the payee, they were bound to inquire as to the endorsement. Had the proper inquiries been made, the fraud would not have been successful. By endorsing the bill, the bank guaranteed the genuineness of the previous endorsements, gave credit to them with the plaintiff, and thus led him to make payment on the faith of those representations. The bank should not be permitted to take advantage of its own wrong. (*Herrick* v. *Whitney*, 15 *John.* 240; *Ch. on Bills*, 266; 2 *T. R.* 70; 8 *Mass.* 409; 9 *id.* 408.)

*Seventh.* But the plaintiff did not intend to give an unconditional credit to the drawers. If he had known of the forgery, it is evident he would not have accepted the draft. The instructions given in relation to its acceptance show that he looked in some measure to the mode of its negotiation, and the character of the endorsers. The endorsement and discounting by the bank, therefore, were material inducements to the acceptance and payment of the bill.

*Eighth.* Though the payee had no interest in the draft, yet being a real person, his endorsement was essential to pass the bill. Bills payable to the order of a fictitious person, when the acceptor is not cognizant of the fact, are void. (1 *Camp.* 130, *note and cases there cited; also note b., p.* 180; *Peake's additional cases, p.* 146; 6 *Bro. P. C.* 255; 10 *Bar. & Cres.* 468.)

☞ (19 *Pick.* 99; 2 *N. H.* 446, *note;* 5 *Greenl.* 302.) Fraud of one partner don't bind the firm. (6 *Mass.* 242; *Coll. on Part.* 251; 5 *H.* 160; 21 *W.* 502.) Paying without funds, could recover from drawers. But here we could not recover against drawers, because we did not pay, as they requested, to

Coggill *agt.* Leavitt.

the order of T. B. (*Add. Cas.* 106; 11 *Louisa.* 573; 6 *B. &
C.* 671; 3 *id.* 428; 8 *Mass.* 408; 1 *C. & P.* 197.) ☞

*Ninth.* The plaintiff being innocent, and the bank being in
fault, the bank should derive no benefit from its own negligence,
by retaining money paid under a mistake of fact, induced by
its own representations.

*Tenth.* To establish the principle that the endorsement of an
accommodation bill by the payee is not essential to its negotia-
bility, must be a serious inroad upon the law relating to bills
of exchange, and injuriously affect the safety and certainty of
commercial transactions.

A. W. Bradford, *Attorney for plaintiff in error.*
B. D. Noxon and John Van Buren, *of Counsel.*

☞ *Noxon*, same side, cited: *Bay. on Bills*, 1, 84, 184; 3
*W.* 412; 9 *Mass.* 408; *Chitty Bills*, 458–9 463–4, 286; 4
*Cowp.* 565; 6 *Taunt.* 76; *D. & R.* 324; 10 *Wheat.* 607, 425,
628, 336; *Bay. Bills*, 487, ed. '36; 2 *Camp.* 17; 2 *N. H.* 446;
1 *H. Bl.* 607; *Doug.* 638; 3 *Barr*, 1354; 17 *Mass.* 33.

*B. D. Noxon*, in reply.—Money was paid under a mistake
of fact, and is a general principle that money so paid may be
recovered back. No negligence. Not bound to know hand-
writing of endorsers. (3 *W.* 412.) ☞

*Spencer & Kernan, Attorneys and*
*Joshua A. Spencer, Counsel* for defendants in error.

*First.* Shapley & Billings, the drawers, the bank of Central
New-York, and Henry Coggill, the acceptor, are the only par-
ties who ever had any interest in the bill of exchange.

Truman Billings, the payee, never had any interest in it.
Not having any title to it, no endorsement by him was neces-
sary to pass the title of Shapley & Billings to the bank. By
their delivery the bank became the owner of the bill, having
the right to present it for acceptance and payment, and to re-
ceive the money upon it. (*Chitty on Bills*, 220, *ninth Amer.
from the eighth London edition; Titcomb* v. *Thomas*, 5 *Greenl.
Rep.* 282; *Chitty on Bills, same ed.* 178; *Myers* v. *James*, 2
*Bail. Rep.* 547; *id.* 545; 1 *Cow. Tr.* 169; 13 *Mass.* 304.

Coggill *agt.* Leavitt.

*Second.* As between the drawers and acceptor, the bill is to be regarded as payable to the drawers' order, or to the order of a fictitious payee, or to the order of the cashier of the Bank of Central New-York. (*Plets* v. *Johnson*, 3 *Hill*, 112.)

*Third.* The acceptor has no interest in the endorsements and no remedy upon it. He stands as the maker of a note. The bank alone was interested in having genuine endorsers. (*Ch. on Bills, same ed. as above*, 267; *Griffith et al.* v. *Rudd et. al.*, 21 *Wend.* 502; *Suydam et al.* v. *Westfall et al.*, 4 *Hill*, 211, 217.)

*Fourth.* Truman Billings has no claim against the acceptor for the money upon this bill. (1 *Hill*, 287.)

The reason why an acceptor who has paid the money upon the faith of a forged endorsement can recover it back is, that the payee has never parted with his interest in the bill, and the acceptor is still liable to him for its payment. Here all the interest in the bill was transferred to the bank by its delivery; and while thus owned and held, Coggill accepted and paid it at the request of the drawers, to whom alone he could ever look for reimbursement, if the funds were not already in his hands.

☞ Truman Billings, the payee, never had any interest in the bill—did not know of its existence.

Shapley & Billings owned it, and had the right to negotiate it, as they did, to the Bank of Central New-York.

After acceptance, bank might have sued, either in its own name, or in the name of S. & B., or in the name of Truman Billings.

But no matter how they could sue, for they had no occasion, as the draft was paid by the drawee. Passed by delivery. (Same as though payable to bearer.)

SPENCER & KERNAN, *Attorneys for defendant in error.*
J. A. SPENCER, *of Counsel.*

DECISION.—Judgment affirmed, unanimously.

NOTE.—*Held*, that Truman Billings, the payee, never was the owner of the draft; nor was it drawn with the intent that he should either endorse it or have any interest or concern with it; consequently, he could not maintain an action upon it for his own benefit against any one, and having no title, could in no event have a legal claim to the money.

Not analogous to the case where the payee is *the owner* of the bill and could maintain an action upon it, both against the acceptors and drawers.

Shapley & Billings having drawn the draft and passed it to the bank with the name of the payee endorsed upon it, by that act affirmed that the endorsement was genuine, so that the bill might *pass by delivery;* and would be estopped from controverting the genuineness of the endorsements, in a suit against them by the bank.

*Reported,* 1 *Comstock,* 113.